CEM

FILED

2007 OCT 11 AM 11:10

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Mag. Case Number: '07 MJ 2430 |
| | ) | |
| Plaintiff, | ) | COMPLAINT FOR VIOLATION OF |
| | ) | |
| v. | ) | Title 21, U.S.C., Sections 952 and 960 |
| | ) | Importation of a Controlled Substance |
| ENRIQUEZ, David | ) | |
| Defendant, | ) | |
| | ) | |

The undersigned complaint being duly sworn states:

On or about October 10, 2007, within the Southern District of California, David ENRIQUEZ, did knowingly and intentionally import approximately 95.90 kilograms of marijuana, a schedule I narcotic into the United States from a place outside thereof; in violation of Title 21, United States Code, Sections 952 and 960.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
SPECIAL AGENT
U.S. IMMIGRATION & CUSTOMS
ENFORCEMENT

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 11th DAY OF OCTOBER, 2007.

MAGISTRATE JUDGE

CEM

**DEFENDANT: ENRIQUEZ, David**

## STATEMENT OF FACTS

On October 10, 2007, at approximately 4:25 A.M., CBP Canine Enforcement Officer Jorge Castilla was conducting pre-primary examinations of vehicles with his Narcotics and Human Detector Dog (NHDD) "PANTHER" at the San Ysidro, California Port of Entry. Officer Castilla received a positive alert from "PANTHER" on a 1999 Dodge pick-up truck bearing California license plate 8L13146. The driver and only occupant, David ENRIQUEZ, told Officer Jerry Vales, who was working with Officer Castilla, that it was his truck. ENRIQUEZ, the Defendant, stated he was not bringing anything from Mexico, and he was traveling back to his home in Santa Ana, California. Officer Vales conducted a cursory inspection of the vehicle, revealing packages wrapped in brown tape located in the engine compartment of the vehicle. Officer Vales immediately took the Defendant into custody with handcuffs, for Officer safety, escorted him to the security office. The vehicle was driven to secondary for further inspection. A search conducted in the secondary inspection area revealed numerous packages concealed in the engine compartment of the truck. A total of 32 packages were removed from a specially built engine compartment with an aggregate weight of 95.9 kilograms. A field test of random samples resulted in a positive response for marijuana.

At approximately 8:00 A.M., a video-recorded interview in English of the Defendant was conducted in the presence of ICE Senior Special Agent (SS/A) Daniel Duff, and ICE Special Agent (S/A) Jennifer Dorsey. The Defendant was advised of his Miranda rights in the presence of said officers, waived his rights, and executed a written waiver which indicated that he agreed to answer questions without a lawyer present. During the interview, the Defendant was lucid and did not appear to be ill, intoxicated or under the influence the drugs. He was alert, responsive and appeared capable of communicating. He did not appear to be unusually nervous, fearful, or angry. The Defendant did not request or receive any bodily comforts during the interview and no promises or threats were made to elicit the statement. No breaks were taken during the interview and it ended at approximately 8:54 A.M. During the interview, the Defendant made the following statements:

The Defendant denied knowledge of transporting marijuana, however the Defendant stated he was told by the organization, which he was working for, to tell the inspecting Officer that the truck belonged to him. The Defendant further stated that he felt that his family would be put in danger if he revealed any information. The Defendant did, however state that he got himself into this mess, and that the organization already knew that he was in custody. The Defendant stated he was worried if the organization would think he would give information that would put his family's lives at risk. The Defendant stated that this was "his first run". The Defendant did not disclose the amount he was to receive, however he did state that the amount "was not worth it". The Defendant was arrested for violation of Title 21, United States Code, Sections 952 and 960, Unlawful Importation of a Controlled Substance, and booked into the Metropolitan Correctional Center, San Diego, CA.